**ED MURRAY & SONS REALTY COMPANY,
a Wyoming Corporation, Appellant
(Plaintiff below),**

v.

**Thomas E. LEAVEY and Dorothy E. Leavey,
d/b/a Wyoming Hereford Ranch, Appellees (Defendants below).**

**No. 3827.**

Supreme Court of Wyoming.

July 23, 1970.

John F. Lynch, of Kline, Tilker & Lynch, Cheyenne, for appellant.

A. Joseph Williams, of Guy, Williams, White & Mulvaney, Cheyenne, for appellees.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a companion case to Case No. 3828, Trautwein v. Leavey, Wyo., 472 P.2d 776.

In the *Trautwein* case, Aronoel H. Trautwein and Verne R. Woods sued Thomas E. Leavey and Dorothy E. Leavey on an alleged breach of an oral contract. Trautwein and Woods were claiming they had made an oral contract with the Leaveys for purchase from the Leaveys of the Hereford Ranch in Laramie County, Wyoming.

This case (No. 3827) was brought by Ed Murray & Sons Realty Company to recover from the Leaveys a real estate commission in connection with the oral contract claimed in the Trautwein case (No. 3828). The trial court granted summary judgment and Murray & Sons has appealed.

Suit in this case is based on a letter which Leavey signed and gave to Edward F. Murray, Jr., of Murray & Sons, after Leavey had caused a proposed contract to be prepared in Los Angeles. The proposed contract was to be submitted by Murray to Trautwein and Woods for their signatures, if approved by them. The letter stated:

"This will confirm our agreement to pay your firm a $60,000 brokerage commission on the sale of the Wyoming Hereford Ranch involving a total sale price of $2,300,000.

"This fee shall be paid only when the sale has been completed and the escrow closed."

According to this letter, the stipulated fee was to be paid "only" when the contemplated sale had been completed. We held in the *Trautwein* case (No. 3828) that the proposed contract was not completed because the buyers made a counterproposal and thereby relieved Leavey from any oral offer he may have made; also because buyers did not in any event accept seller's offer within the time limited for such acceptance.

No sale having been completed, and Leavey having been relieved from liability on his offer, it follows that no fee was earned by Murray & Sons. Summary judgment for defendants was therefore proper and must be affirmed.

Affirmed.

PARKER, Justice (dissenting).

For the reasons stated in the case of Trautwein v. Leavey, Wyo., 472 P.2d 776, 781, I am unable to concur.